UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10415-RGS

ALLSTATE INSURANCE COMPANY

v.

LIBERTY MUTUAL INSURANCE COMPANY

MEMORANDUM AND ORDER ON
MOTIONS TO COMPEL ARBITRATION

May 19, 2011

STEARNS, D.J.

This case involves a dispute arising from reinsurance contracts between Allstate Insurance Company (Allstate) and Liberty Mutual Insurance Company (Liberty Mutual). Presently before the court are the parties' motions to compel arbitration.

BACKGROUND

Allstate reinsured Liberty Mutual under various Excess of Loss Reinsurance Treaties effective December 31, 1968, through December 31, 1982 (collectively, the Treaties). Each Treaty contained an arbitration clause. Prior to 1979, the arbitration clause stated:

> In the event of any dispute or difference of opinion, arising with respect to this Contract, it is hereby agreed that such dispute or difference of opinion shall be submitted to arbitration, under Massachusetts General Law (Ter. Ed.), Chapter 251, one arbiter to be chosen by the Company [Liberty Mutual], one by the Reinsurers [Allstate], and a third arbiter to

be chosen by the two arbiters before they enter upon arbitration.

Resp't. Cross-Mot. at Ex. 2, art. X. In 1979 and after, the arbitration clause of the Treaties stated:

> As a condition precedent to any right of action hereunder, any dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration composed of two arbitrators and an umpire . . . . Each party shall appoint its arbitrator and the two arbitrators shall choose an umpire before instituting the hearing.

*Id*. at Ex. 3, art. 9.

On December 13, 2010, Allstate sent Liberty Mutual a demand for arbitration, seeking declaratory relief regarding the scope of the access-to-records clause contained in the Treaties. *See id*. at Ex. 8. Four days later, Liberty Mutual issued a counter-demand for arbitration, seeking reinsurance payments from Allstate for losses Liberty Mutual incurred in settling claims with Houdaille Industries, Inc. *See id*. at Ex. 9. On January 28, 2011, Allstate sent Liberty Mutual a second demand for arbitration, seeking an award declaring that Liberty Mutual improperly presented the Houdaille claims. *See id*. at Ex. 14. On March 10, 2011, Allstate filed a motion to compel Liberty Mutual to proceed with the two separate arbitrations it had demanded. Finally, on April 1, 2011, Liberty Mutual filed a cross-motion to compel Allstate to participate in selecting a single umpire to preside over arbitration between the parties.

The parties agree that disputes between them are arbitrable, pursuant to the

arbitration clause in the Treaties. However, they disagree as to the number of arbitrations that should take place. Allstate seeks to compel Liberty Mutual to proceed with arbitration in two separate arbitration proceedings. Allstate argues that the language of the arbitration clauses, which provide for arbitratg. of "any dispute," should be interpreted to allow for a separate arbitration of each dispute.

Liberty Mutual, for its part, seeks to compel Allstate to participate in selecting a single umpire to round out the first arbitration panel, which will then determine the number of arbitrations to be held. Allstate replies that Liberty Mutual's cross-motion is an improper attempt to consolidate the arbitrations, and that the Federal Arbitration Act (FAA) requires Liberty Mutual to proceed with the two separate arbitrations that Allstate has demanded.

In the first instance, it is for the court to decide the validity and scope of an arbitration clause. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-945 (1995). However, "[m]any other types of claims, including even some 'gateway questions' that might dispose of the entire claim, are presumptively left to the arbitrator. This category includes 'procedural questions which grow out of the dispute and bear on its final disposition.'" *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 10 (1st Cir. 2005), quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002). "[I]f an 'arbitrability' issue arises, it is presumptively for the court to decide;

3

but issues other than 'arbitrability' are presumptively arbitrable, that is, for the arbitrator to decide." *PaineWebber Inc. v. Elahi*, 87 F.3d 589, 595 (1st Cir. 1996).

In *Shaw's Supermarkets, Inc. v. United Food & Commercial Workers Union, Local 791*, 321 F.3d 251 (1st Cir. 2003), the First Circuit held that the determination of whether to consolidate three like grievances filed under three separate collective bargaining agreements was a procedural matter for the arbitrator, not the court, to decide. *Id*. at 254. Here, as in *Shaw's*, disputes between the parties are concededly arbitrable, and there is no evidence in the agreements between the parties that they did not expect disagreements over issues such as consolidation to be resolved through arbitration. Thus, the determination of whether to consolidate the two arbitrations demanded by Allstate is a procedural matter for the arbitration panel, not this court, to decide.

## ORDER

For the foregoing reasons, Allstate's petition to compel two separate arbitration proceedings is <u>DENIED</u>. Liberty Mutual's cross-motion to compel Allstate to participate in selecting a single umpire is <u>ALLOWED</u>. The arbitration panel will then decide the number of arbitrations to be held.

SO ORDERED.

s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE